UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:25-CR-179-PGB-NWH

SALVATORE RUSSOTTO

### SENTENCING MEMORANDUM

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, in accordance with this Court's Order (Doc. 59),

hereby files this Sentencing Memorandum identifying the controlling jurisprudence

and facts upon which it relies in opposing the defendant's objections to the

Presentence Investigation Report, and states:

### BACKGROUND

1.      As set forth in the defendant's Plea Agreement (Doc. 45 at 15-16), on

May 19, 2025, the defendant made a series of threatening online posts against the

District of New Jersey United States Attorney. Specifically, the defendant posted the

following statements online, among other statements: "[VICTIM 1] is a CUNT. 86

that bitch," "A slow painful death for [VICTIM 1]. 86 that cunt," "86 [VICTIM 1],"

"You're a useless CUNT. 86 [VICTIM 1]," "Eliminate [VICTIM 1]. 86 Traitor.

Death penalty for all traitors," "86 [VICTIM 1]. CUNT. I HOPE YOU DIE A

PAINFUL DEATH," "86 [VICTIM 1]. USELESS CUNT," "[VICTIM 1] is

USELESS 86 that bitch," and [VICTIM 1] IS USELESS. 86 [VICTIM 1]"

(collectively, the "Threats"). In five of the threatening posts, the defendant responded directly to the Victim 1's professional/business X account and to the Victim 1's personal X account. Based on statements made by Victim 1 to FBI, Victim 1 took the threats seriously and considered them to be real threats of violence.

2.      Additionally, as the government intends to prove at sentencing, in the hours prior to those threats, the defendant posted several other threatening posts directed at other individuals and groups, including but not limited to: "86 [Victim 1]," "86 [Victim 2]," "86 [Victim 3]," and "86[Victim 4]."

3.      The defendant objects to Paragraph 22 of the PSR, which applies a 2-level increase because "the offense involved more than two threats." *See* USSG § 2A6.1(b)(2)(A). The government opposes this objection. As explained below, the defendant made well over two threats just to Victim 1 and sent threats to other individuals and groups as well. Thus, the 2-level increase should apply.

4.      The defendant also objects to Paragraph 27 of the PSR, which relates to USSG § 4C1.1 (Adjustment for Certain Zero-Point Offenders). The government opposes this objection. As explained below, the PSR does not apply the two-level decrease because the offense involved credible threats of violence. *See* USSG § 4C1.1(a)(3).

### MEMORANDUM OF LAW

The defendant objects to Paragraph 22 (a two-level increase for the involvement of more than two threats) and Paragraph 27 (the inapplicability of the

2

zero-point offender decrease). As explained below, neither the facts nor the law support defendant's objections.

      **a. Paragraph 22 - The Offense Involved More than Two Threats (USSG § 2A6.1(b)(2)(A))**

With regard to his objection to Paragraph 22 of the PSR, the defendant incorrectly argues that the defendant's Plea Agreement characterizes the defendant's online posts as only one true threat. In fact, the Factual Basis of the Plea Agreement explicitly defines the series of posts as the "Threats." Doc. 45 at 16. Moreover, while the threats were made close in time, they were posted separately (that is, not all listed in one single post) and sent to different accounts. As the PSR sets forth in Paragraphs 13 and 14, the defendant made at least 10 threatening posts to Victim 1 alone. Thus, the two-level increase should apply. *See, e.g., United States v. Russell*, 322 F. App'x 920, 923 (11th Cir. 2009) (a "single threat" and a "single instance" are not synonymous; conduct involving several threats could be a single instance); *United States v. Scott*, 441 F.3d 1322, 1327 (11th Cir. 2006) (affirmed two-level enhancement based on threat-counting instead of victim-counting).

Moreover, in the hours leading up to the threats forming the basis of the conviction, the defendant made several other threats to individuals and groups. The United States intends to present evidence at the sentencing hearing related to these other threats. *United States v. Sheppard*, 243 F. App'x 580, 582 (11th Cir. 2007) ("The Sentencing Guidelines provide for a 2-level enhancement if the threatening communications 'involved more than two threats....' USSG § 2A6.1(b)(2). The

commentary to § 2A6.1(b) indicates that the sentencing court should 'consider both conduct that occurred *prior* to the offense and conduct that occurred *during* the offense....'" *Id.* cmt. n. 1 (emphasis supplied)); *United States v. Eckhardt*, 466 F.3d 938, 949 (11th Cir. 2006) (affirming 2-level enhancement).

### b. Paragraph 27 - The Zero-Point Offender Adjustment Does Not Apply (USSG § 4C1.1(a)(3))

A defendant bears the burden of showing a sentence reduction is required under. *See United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989) ("The guidelines contemplate that ... the defendant has the burden of proving the applicability of guideline sections which would reduce the offense level."). Here, in making the objection, defense cites a single Sixth Circuit case, which does not reference USSG § 4C1.1 (at issue here), and otherwise fails to support the defendant's position. *See United States v. Pineda-Duarte*, 933 F.3d 519 (6th Cir. 2019) (the phrase "made a credible threat to use violence" in USSG § 2D1.1(b)(2) meant a person "who, with intent to injure another, credibly communicates that intent, without acting on it.").

The Eleventh Circuit has recently addressed the zero-point offender adjustment as follows:

> The phrase "credible threats of violence" or nearly identical language appears in the text of the Sentencing Guidelines several times, but never receives a definition from the Guidelines' text or commentary. *See* U.S.S.G. §§ 2D1.1(b)(2), 4C1.1(a)(3), 5C1.2(a)(2). It also does not appear that any circuit has undertaken to define the phrase in any detail.

4

No matter, because "[t]he language of the Sentencing Guidelines, like the language of a statute, must be given its plain and ordinary meaning." *United States v. Rogers*, 989 F.3d 1255, 1261 (11th Cir. 2021) (quotations omitted). Dictionary definitions can provide guidance to understanding a term's ordinary meaning. *Kluge*, 147 F.4th at 1298.

"Credible" is an adjective defined as "offering reasonable grounds for being believed or trusted." Merriam-Webster, https://perma.cc/AP7R-258Y (last visited Nov. 5, 2025). Black's Law Dictionary defines "threat" as a "communicated intent to inflict harm or loss on another or on another's property." *Threat*, Black's Law Dictionary (12th ed. 2024). Thus, a combination of the two definitions means a "credible threat" is a reasonably believable communication of an intent to inflict harm.

*United States v. Ovadia*, No. 24-14255, 2025 WL 3122699, at *6 (11th Cir. Nov. 7, 2025) (affirming District Court's finding that defendant was ineligible for zero-point offender reduction).

As explained below, the defendant admitted in his Plea Agreement to the elements of 18 U.S.C. § 875(c) (transmission of interstate threat to injure). Doc. 45 at 2. The defendant's admission to those elements show that the offense involved credible threats of violence. In this regard, the Eleventh Circuit Pattern Jury Instruction O30.3 sets forth the following two elements of a violation of 18 U.S.C. § 875(c):

First:    the Defendant knowingly sent a message in interstate or foreign commerce containing a true threat to injure the person of another; and

Second:    the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

The instruction provides that the Government doesn't have to prove that the

Defendant intended to carry out the threat. The instruction further provides that a "'true threat' is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured." Eleventh Cir. Crim. Jury Instr. O30.3.

The case law related to true threats further supports that the zero-point offender reduction is not applicable because the defendant made a credible threat of violence. In this regard, determining whether a threat constitutes a true threat requires both an objective and subjective inquiry. *See Elonis v. United States*, 575 U.S. 723, 751 (2015); *Counterman v. Colorado*, 600 U.S. 66, 67 (2023). In *Counterman*, the Supreme Court discussed true threats as follows:

> True threats are "serious expression[s]" conveying that a speaker means to "commit an act of unlawful violence." [*Virginia v*.] *Black*, 538 U.S. [343,] 359, 123 S.Ct. 1536 [2003]. Whether the speaker is aware of, and intends to convey, the threatening aspect of the message is not part of what makes a statement a threat, as this Court recently explained. *See Elonis v. United States*, 575 U.S. 723, 733, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015). The existence of a threat depends not on "the mental state of the author," but on "what the statement conveys" to the person on the other end. Ibid. When the statement is understood as a true threat, all the harms that have long made threats unprotected naturally follow. True threats subject individuals to "fear of violence" and to the many kinds of "disruption that fear engenders." *Black*, 538 U.S. at 360, 123 S.Ct. 1536 (internal quotation marks omitted)..
> *Counterman*, 600 U.S. at 74.

*United States v. Gilmore*, No. 8:23-CR-151-CEH-JSS, 2024 WL 726431, at *4 (M.D.

6

Fla. Feb. 22, 2024). Thus, because the defendant in this case conveyed a credible threat of violence, the zero-point offender adjustment should not apply.

WHEREFORE, the United States respectfully requests that the Court overrule the defendant's objections to the Presentence Investigation Report.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ Kara M. Wick
Kara M. Wick
Assistant United States Attorney
FL Bar No. 0085578
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: kara.wick@usdoj.gov

7

**U.S. v. Salvatore Russotto**          **Case No. 6:25-cr-179-PGB-NWH**

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aziza Hawthorne, Esq.

By:   /s/ Kara M. Wick
      Kara M. Wick
      Assistant United States Attorney
      FL Bar No. 0085578
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone:   (407) 648-7500
      Facsimile:    (407) 648-7643
      E-mail: kara.wick@usdoj.gov