# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case No: 6:25-CR-179-PGB-NWH**

**SALVATORE RUSSOTTO**

_____/

## DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Counsel for Defendant Salvatore Russotto ("Mr. Russotto"), Aziza Hawthorne, files this in response to the Government's Sentencing Memorandum filed at docket entry 61.

## BACKGROUND

On August 26, 2025, Mr. Russotto pled guilty to one count of superseding information pursuant to a plea agreement. Doc. 48. The superseding information charges Mr. Russotto with transmission of interstate threat to injure, in violation of 18 U.S.C. §875(c). Doc. 42. The plea agreement contains the elements of the offense which are:

> First: the Defendant knowingly sent a message in interstate or foreign commerce containing a true threat to injure the person of another; and

> Second: the Defendant sent the message with intent to communicate a true threat or with the knowledge that it would be viewed as a true threat. Doc. 45 at 2.

The plea agreement further defines a "true threat" as a serious threat that is made

under circumstances that would place a reasonable person in fear of being injured. *Id.* The factual basis of the plea agreement indicates that Mr. Russotto, "knowingly transmitted, in interstate commerce, a threat to injure and kill A.H. (the "Victim"), in a series of online posts with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence." *Id.* at 15. Mr. Russotto's online posts were made on X, formerly known as twitter. The posts he made toward A.H. were all made between 8:02 p.m. and 8:25p.m while he was heavily intoxicated. *See* Doc. 45 at 16.

Undersigned counsel submitted a series of objections to the probation office, namely objections to paragraphs 13, 22, 27, 29, 30, 68 and 72. In their memorandum, the government addresses only paragraphs 22 and 27. Only the paragraphs addressed by the government will be addressed in the instant motion.

## ARGUMENT

Section 2A6.1(b)(2)(A) of the United States Sentencing Guidelines ("the Guidelines") provides for a two-level increase if the offense involved more than two threats. Mr. Russotto's conduct did not involve more than two threats. As mentioned above, per the factual basis in his plea agreement he made ***a*** true threat in a series of online posts. Doc. 45 at 15. Even if the posts are considered a series of "threats," only one (or all the "threats" in the aggregate) amounted to a true threat. Statements that are an expression of rage or frustration or are made intending to encourage others to take violent action are not true threats. *See United States v. Bagdasarian*, 652 F.3d 1113, 1119 (9th Cir. 2011). Political hyperbole is

2

also not considered a true threat. *See Watts v. United States*, 394 U.S. 705, 708 (1969). The government states in their memorandum that the threats were posted separately and sent to different accounts.  X has a maximum character allowance per post. Further, making multiple posts to different accounts does not necessarily amount to multiple threats. The government, in their memorandum, also mentions that in the hours leading up to the posts that form the basis of the conviction, Mr. Russotto made threats to other individuals and groups. The government chose not to charge any of those posts. Application Note 1 of §2A6.1 of the Guidelines specifies that when considering conduct that occurred prior to the offense, that conduct must, "be substantially and directly connected to the offense, under the facts of the case taken as a whole." USSG. Any other alleged threats made in the hours leading up to the posts forming the basis for the conviction were neither substantially nor directly connected to the offense. None of the tweets in the hours leading up to the tweets of conviction were directed to the victim, A.H.

Section 4C1.1 of the Guidelines provides for a two-level decrease if eleven criteria are met. *See* USSG §4C1.1. One of the 11 criteria that allows for the two-level decrease is where the defendant did not use violence or credible threats of violence in connection with the offense. USSG §4C1.1(a)(3). Credible threats of violence are not defined within §4C1.1 of the Guidelines. An enhancement under section 2D1.1(b)(2) of the Guidelines requires a "credible threat to use violence". When used in that context, the Sixth Circuit found that through the use of the phrase, "made a credible threat to use violence," the Sentencing Commission

meant a person, "who, with intent to injure another, credibly communicates that intent-without acting on it – for example, when one credibly threatens to hit someone with a shovel, but has not yet swung the shovel." *United States v. Pineda-Duarte*, 933 F.3d 519 (6th Cir. 2019). The government argues that through admission of the elements of the offense, Mr. Russotto admits that the offense involved credible threats of violence. Mr. Russotto admits to sending a message that was a true threat but not a credible threat of violence. Credible threats of violence and true threats are not always interchangeable. The true threat in this instance was not a credible threat of violence. The government cites to *Ovadia* where the "threats" were explicit and personalized, "I AM GOING TO KILL YOU;" "IM GOING TO DRILL HOLES THROUGH YOUR SKULL" and "IM GOING TO EAT YOUR FACE." *United States v. Ovadia,* No. 24-14255. WL 3122699 at *1 (11th Cir. Nov. 7, 2025). In *Ovadia*, the totality of the circumstances including the volume and frequency of the threats and the fact that the defendant was familiar with the victims and their whereabouts is why the Court found the threats to be credible. *Id.* at 4. In the present case involving Mr. Russotto, the posts directed toward A.H. were made within a 23-minute span of time and Mr. Russotto was both unfamiliar with her and unaware of A.H.'s whereabouts.

For the reasons stated above, Mr. Russotto's conduct did not involve more than two threats, and he did not use credible threats of violence. Consequently, he should not qualify for the specific offense enhancement under §2A6.1(b)(2)(A), but he should qualify for the decrease under §4C1.1 for zero-point offender of the

4

Guidelines.

DATED this 1st day of December 2025.

Respectfully submitted,

CHARLES L. PRITCHARD
FEDERAL DEFENDER, MDFL

/s/ *Aziza Hawthorne*
Aziza Hawthorne
Assistant Federal Defender
Massachusetts Bar No: 709255
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: (407) 648-6338
Facsimile: (407) 648-6095
E-Mail: aziza_hawthorne@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December 2025, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to: Kara Wick, AUSA.

/s/ *Aziza Hawthorne*
Aziza Hawthorne
Counsel for Mr. Russotto